District Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel.* TJ Gallo,

Plaintiff,

v.

RPM Mortgage, Inc.,

Defendant.

CASE NO. CV14-1109-TSZ

**FILED UNDER SEAL**

Noted for Consideration on: October 24, 2014

**UNITED STATES' *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE**

Pursuant to the False Claims Act, 31 U.S.C. § 3729–33 (FCA), the United States of America respectfully applies to the Court *ex parte* for an Order extending for six months, or until April 24, 2015, the period during which the United States will determine whether or not to intervene in this case, and for an extension of time during which this case will remain under seal. **Relator's counsel has been consulted and concurs with this request.**



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## PROCEDURAL HISTORY

On or about July 21, 2014, Relator TJ Gallo filed a Complaint in this action under seal under the *qui tam* provisions of the FCA, 31 U.S.C. § 3730, which permit individuals to file actions on behalf of the United States, alleging violations of the FCA. The Relator completed service on the United States on or about August 25, 2014. Following completion of service of a *qui tam* action on the United States, the FCA affords the government an initial sixty (60) day period within which to investigate a Relator's allegations and to reach a decision regarding whether to intervene in and assume prosecution of the action. *Id.* §§ 3730(a), (b)(2). The government's initial sixty-day period expired on October 24, 2014. The FCA also expressly contemplates that the government's initial sixty-day investigative period may be extended more than once upon a showing by the United States of "good cause." *Id.* § 3730(b)(3). The government has not sought any extensions of time, and the seal in this matter is currently scheduled to expire on October 24, 2014.

## THE RELATOR'S ALLEGATIONS

Defendant RPM Mortgage, Inc., (RPM) is a California Corporation headquartered in Alamo, California, and has been registered to do business in Washington since January of 2008. RPM is one of the largest residential mortgage lending companies in the nation, with over sixty-five offices across Washington, California, Nevada, Texas, Colorado, Idaho and Oregon. The United States Department of Housing and Urban Development (HUD) insures RPM's home mortgages. Under HUD's mortgage insurance program, if a homeowner defaults on a loan and the mortgage holder forecloses on the property, HUD pays the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mortgage holder the balance of the loan, and then assumes ownership and possession of the property. As part of HUD's mortgage insurance program, HUD requires lenders to submit certain certifications ensuring that the loans the lenders make comply with HUD standards and guidelines designed to reduce the risk to HUD. Relator alleges that RPM engaged in several schemes to defraud HUD, including, but not limited to, knowingly presenting or causing to be presented false records, statements and certifications to HUD, material to HUD's insurance of RPM's residential home mortgages, and ultimately the payment of any foreclosure claims.

Relator asserts two primary allegations. First, Relator alleges that RPM operated branch offices, in violation of HUD's regulations. Much like the franchise structure of the fast-food restaurants, RPM's branch office structure required that local branch offices assume financial responsibility for facilities, equipment, supplies, insurance costs, commissions, salaries and benefits. RPM further required that the branch offices hold RPM harmless for any and all liabilities. Second, Relator alleges that RPM submitted false records, statements and certifications because it maintained an improper "point bank," in explicit violation of HUD's rules and regulations. A point bank is a continuously maintained accounting balance of basis points credited to a loan originator by a creditor for loan origination. The loan originator can use basis points from the point bank to obtain pricing concessions from the creditor on a consumer's behalf. The point bank serves as a means to improperly expand loan owner compensation. Relator alleges that ultimately the point bank structure is used to benefit more sophisticated consumers, who are provided with pricing



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

concessions from the point bank, and disadvantages less sophisticated customers. Both of the schemes alleged by Realtor violate HUD's rules and regulations because the practices, as alleged by Realtor, increase the risk that HUD faces in insuring residential home mortgages.

**THE GOVERNMENT'S INVESTIGATION**

To date, the government has interviewed Relator and reviewed documentation related to the case that Relator has provided. The government is currently processing an administrative subpoena for key documents that it expects to serve on RPM in the very near future. The government also expects to interview several witnesses Relator has identified.

Because the government's investigation is at an early stage, the extension of the seal period sought in this Application is necessary to permit the United States to continue to conduct a thorough investigation of Relator's allegations, and to reach an informed decision as to the advisability of government intervention in this matter. As noted at the outset, Relator's counsel has been consulted and has no objection to this request for additional time.

**ARGUMENT AND AUTHORITIES**

The FCA expressly contemplates the United States obtaining extensions of time to make its intervention decision in *qui tam* actions. *See* 31 U.S.C. § 3730 (b)(3) (the United States "may, for good cause shown, move the court for extensions of time . . ..").  For the reasons set forth above, the government contends that the "good cause" standard is satisfied in this case.

The United States also respectfully requests that the Court order that the Complaint and other filings be kept under seal through April 24, 2015, unless otherwise ordered by the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Court. Such an extension of the seal is contemplated by, and consistent with, the express terms of the FCA. *See* 31 U.S.C. § 3730(b)(3). Experience demonstrates that concluding a non-judicial resolution of this matter, should the facts so warrant, will be facilitated if Relator's allegations have not yet been publicly disseminated.

## **CONCLUSION**

Accordingly, the United States requests that the Court enter an Order extending for six months, until and including April 24, 2015, the period for the United States to make its decision whether to intervene in this case and providing that during this time the case will remain under seal.

Dated this 24th day of October, 2014.

Respectfully submitted,

ANNETTE L. HAYES
Acting United States Attorney

*s/ Kayla Stahman*
KAYLA C. STAHMAN, CABA # 228931
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
E-mail: kayla.stahman@usdoj.gov