1

District Judge Thomas S. Zilly

2

3 ——— FILED        ——— ENTERED
——— LODGED        ——— RECEIVED

4 DEC 0⟨ 2015    PM

5 AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

6 UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

7 AT SEATTLE

8

9

10 UNITED STATES OF AMERICA, *ex rel.*
TJ Gallo,

11

12                              Plaintiff,

13            v.

14

15 RPM Mortgage, Inc.,

16                              Defendant.

CASE NO.  C14-1109-TSZ

**FILED UNDER SEAL**

Noted for Consideration on:  December 4, 2015

17

18 **UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF RELATOR'S COMPLAINT**

19

20        Pursuant to the False Claims Act, 31 U.S.C. §§ 3729–33 (FCA), the United States of

21 America respectfully applies to the Court *ex parte* for an Order giving the government the

22 discretion to inform the defendant of the existence of this action and to provide the defendant

23 with a copy of the Complaint, in order to facilitate the government's investigation and,

24

25 possibly, eventual resolution of this matter.  **Relator's counsel has been consulted and**

26 **concurs with this request.**

27

28

UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF THE
COMPLAINT- 1
CASE NO. C14-1109-TSZ
FILED UNDER SEAL

## PROCEDURAL HISTORY

On or about July 21, 2014, Relator TJ Gallo filed a Complaint in this action under seal under the *qui tam* provisions of the FCA, 31 U.S.C. § 3730, which permit individuals to file actions on behalf of the United States, alleging violations of the FCA.  The Relator completed service on the United States on or about August 25, 2014.  Following completion of service of a *qui tam* action on the United States, the FCA affords the government an initial sixty (60) day period within which to investigate a Relator's allegations and to reach a decision regarding whether to intervene in and assume prosecution of the action. *Id.* §§ 3730(a), (b)(2).  The government's initial sixty-day period expired on October 24, 2014.  The government's current seal on this case is set to expire on April 22, 2016.

## THE RELATOR'S ALLEGATIONS

Defendant RPM Mortgage, Inc., (RPM) is a California Corporation headquartered in Alamo, California, and has been registered to do business in Washington since January 2008. RPM is one of the largest residential mortgage lending companies in the nation, with over sixty-five offices across Washington, California, Nevada, Texas, Colorado, Idaho and Oregon.  The United States Department of Housing and Urban Development (HUD) insures RPM's home mortgages.  Under HUD's mortgage insurance program, if a homeowner defaults on a qualifying loan and the mortgage holder forecloses on the property, HUD pays the mortgage holder the balance of the loan, and then assumes ownership and possession of the property.  As part of HUD's mortgage insurance program, HUD requires lenders to submit certain certifications ensuring that the loans the lenders make comply with HUD

UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF THE
COMPLAINT- 2
CASE NO. C14-1109-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

standards and guidelines designed to reduce the risk to HUD.  Relator alleges that RPM engaged in several schemes to defraud HUD, including, but not limited to, knowingly presenting or causing to be presented false records, statements and certifications to HUD, material to HUD's insurance of RPM's residential home mortgages, and ultimately the payment of any foreclosure claims.

As the Court will recall, Relator asserts two primary allegations.  First, Relator alleges that RPM operated branch offices, in violation of HUD's regulations.  Much like the franchise structure of fast-food restaurants, RPM's branch office structure required that local branch offices assume financial responsibility for a number of capital costs and required that the branch offices hold RPM harmless for any and all liabilities, according to Relator. Second, Relator alleges that RPM submitted false records, statements and certifications to HUD because it maintained an improper "point bank," in violation of HUD's rules and regulations.  A point bank is a continuously maintained accounting balance of basis points credited to a loan originator by a creditor for loan origination.  Relator alleges that ultimately the point bank structure was used to benefit more sophisticated consumers, who were provided with pricing concessions from the point bank, and disadvantaged less sophisticated customers, who did not receive similar concessions.  Both of the schemes alleged by Realtor violate HUD's rules and regulations because the practices, as alleged by Realtor, increase the risk that HUD faces in insuring residential home mortgages.

UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF THE
COMPLAINT- 3
CASE NO. C14-1109-TSZ
FILED UNDER SEAL

## **THE GOVERNMENT'S INVESTIGATION**

To date, government has made significant progress in its investigation with respect to both of Relator's key allegations.  First, from a universe of 21,516 documents, the government has isolated and reviewed key documents relevant to Relator's allegation that RPM engaged in a "net branching" scheme.  The government has also interviewed over ten former RPM employees to confirm facts outlined in the reviewed documents.

Second, as the Court may recall, during the course of the investigation, RPM settled claims relating to consumer complaints about its point banking practices with the Consumer Financial Protection Bureau (CFPB).  *See* Consumer Financial Protection Bureau, CFPB Orders RPM Mortgage to Pay Settlement (Oct, 19, 2015), http://www.consumerfinance.gov/newsroom/cfpb-orders-rpm-mortgage-to-pay-19-million-for-steering-consumers-into-costlier-mortgages/.  Because Relator asserted allegations of point banking, the Department of Justice (DOJ) issued an administrative subpoena requesting all documents RPM provided to the CFPB in connection with CFPB's consumer point banking investigation.  RPM has now provided the Department of Justice with all documents produced to the CFPB, over 18,000 documents, and DOJ is in the processing of reviewing key documents included in that production.

Finally, the government and RPM will be meeting before the end of the year to discuss the progress of the government's investigation to date and potential resolution of the claims.  It is in anticipation of this meeting that the government seeks the partial unsealing of this Complaint, which will permit the government to share the Complaint with RPM.

UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF THE
COMPLAINT- 4
CASE NO. C14-1109-TSZ
FILED UNDER SEAL

## **ARGUMENT AND AUTHORITIES**

*Qui tam* actions are initially sealed so as to give the government the opportunity to investigate a Relator's allegations without the defendant necessarily knowing that he/she is the subject of investigation.  Specifically, the legislative history of the *qui tam* provisions of the FCA reveals that:

> Keeping the *qui tam* complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action. . . .
>
> *             *             *             *
>
> . . . The initial 60-day sealing of the allegations has the same effect as if the *qui tam* relator had brought his information to the Government and notified the Government of his intent to sue. The Government would need an opportunity to study and evaluate the information in either situation. . . .

S. Rep. No. 99-345, at 24 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266, 5289.

On the other hand, once the government determines that the element of surprise is no longer necessary, the seal—at least with regard to the defendant—serves no real purpose. Accordingly, where, as here, the government has determined that a partial lifting of the seal vis-a-vis the defendant—but not the public at large—may advance the government's interests, the Court should grant a partial lifting so that the seal does not become an encumbrance to the very party it was intended by Congress to benefit.

As noted above, **Relator's counsel has been apprised of this request and concurs.**

UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF THE
COMPLAINT- 5
CASE NO. C14-1109-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## **CONCLUSION**

2

3

For the reasons set forth above, the United States requests permission, at its

discretion, to notify the defendant of the existence of this action and to provide the

4

5

defendant, should it be useful to do so, with a redacted copy of the Complaint.

6

7

Dated this 4th day of December, 2015.

8

9

Respectfully submitted,

10

ANNETTE L. HAYES

11

United States Attorney

12

13

KAYLA C. STAHMAN, CA BAR NO. 228931

14

Assistant United States Attorney

United States Attorney's Office

15

700 Stewart Street, Suite 5220

16

Seattle, Washington 98101-1271

Phone:  206-553-7970

17

Fax:  206-553-4073

E-mail:  kayla.stahman@usdoj.gov

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' *EX PARTE* APPLICATION
FOR A PARTIAL UNSEAL OF THE
COMPLAINT- 6
CASE NO. C14-1109-TSZ
FILED UNDER SEAL