District Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TJ GALLO,<br><br>                      Plaintiff,<br><br>v.<br><br>RPM MORTGAGE, INC.,<br><br>                      Defendant. | Civil Action No. 2:14-cv-01109-TSZ<br><br>**PLAINTIFF'S *EX PARTE* RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Noted for consideration on August 22, 2017 |

Plaintiff-relator in this unsealed *qui tam* action brought under the federal False Claims Act, 31 U.S.C. §§ 3729-3733, responds here to the Court's Minute Order directing the plaintiff to show cause why his action should not be dismissed.[1] For the reasons explained below, including the interests of the parties and the Court, plaintiff asks the Court to find that cause has been demonstrated such that the action should not be dismissed and that, instead, plaintiff should be ordered to serve the defendant within sixty days. Plaintiff will seek no further extensions of time to serve.

---

[1] Minute Order dated July 21, 2017. Dkt. 21.

RESPONSE TO ORDER TO SHOW CAUSE - 1
Case No. 2:14-cv-01109-TSZ

006235-11 979569 V1


HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101

**A.     A brief recitation of the procedural history in this case**

On July 21, 2014, plaintiff Gallo filed this federal False Claims Act complaint under seal and promptly served the United States.[2] During the three months following the filing of his complaint, the government interviewed the plaintiff, reviewed documentation in support of his allegations, and began processing an administrative subpoena for documents to serve on the defendant.[3]

Beginning on October 24, 2014, and until its final request on December 16, 2016, the government sought and received six seal extensions to allow it to continue its investigation of plaintiff's allegations.[4] During that time, the government, among other things, received tens of thousands of pages of documents produced by the defendant and the Consumer Fraud Protection Bureau for review,[5] interviewed several of the defendant's former employees,[6] and met with counsel for the defendant.[7]

In its April 19, 2016, application for a further extension of the seal, the government disclosed that, for the first time, the defendant had invoked an advice of counsel defense, correspondingly waived the attorney-client privilege associated with such advice, and produced over 3,000 documents relevant to such a defense.[8]

On January 17, 2017, the government filed its notice of election to decline intervention.[9]

**B.     Good cause exists to allow plaintiff to proceed with his action and to allow new counsel for plaintiff to serve the defendant within sixty days.**

Both prior to and subsequent to the filing of the government's notice, plaintiff and his counsel, Foster Pepper PLLC, have endeavored to further investigate the allegations in this case,

---

[2] United States *Ex Parte* Application for an Extension of Time, Dkt. 12 at 1-2.

[3] United States *Ex Parte* Application for an Extension of Time, Dkt. 4 at 4.

[4] United States *Ex Parte* Application for an Extension of Time, Dkt. 16 at 1-2.

[5] United States *Ex Parte* Application for an Extension of Time, Dkt. 8 at 4.

[6] *Id.*

[7] *Ex Parte* Application, Dkt. 12 at 4.

[8] *Id.*

[9] United States' Notice of Election to Decline Intervention, Dkt. 18.

RESPONSE TO ORDER TO SHOW CAUSE - 2
Case No. 2:14-cv-01109-TSZ
006235-11  979569 V1



including by discussion with counsel for the defendant and review of certain documents made available by defense counsel in a limited fashion to relator and his counsel.

After considerable reflection and discussion with counsel, plaintiff—committed to prosecuting this important case—decided to retain different counsel and has now engaged new counsel with substantial experience litigating declined *qui tam* cases. As the Court is aware, the United States cannot and does not intervene in the great majority of *qui tam* cases, regardless of the substantial merits of those cases.[10] Following entry of the Court's Minute Order, plaintiff redoubled his efforts to secure one of the few law firms that has the experience necessary to take over sizable *qui tam* cases after the Government elects to decline intervention. Plaintiff has recently obtained the services of two such firms experienced with litigation of declined cases against large public and private corporations: Wilbanks and Gouinlock, LLP,[11] and now Hagens Berman Sobol Shapiro LLP.

Last week, on August 18—less than one week after being introduced to the plaintiff and beginning review of the complaint and other materials in support of the allegations it contains—undersigned counsel at Hagens Berman Sobol Shapiro LLP filed notices of appearance in this matter.[12] Plaintiff's team is now ready and able to move this important and meritorious case to trial without the aid of Government counsel.

There has been no amendment of the original complaint filed in 2014. It is plaintiff's plan to promptly draft and file an amended complaint that will become the operative complaint in this matter. The amended complaint will include additional allegations, additional causes of action, and likely additional defendants. In order to save the Court and the parties from moving ahead

---

[10] *See, e.g.*, United States' Statement of Interest at 4, *United States ex rel. Scott v. Actus Lend Lease, LLC, et al.*, No. 08-cv-7940 (C.D. Cal. Mar. 14, 2011), Dkt. 120.

[11] *See* Wilbanks & Gouinlock, LLP, firm website at http://www.wilbanksgouinlock.com/ (discussing, *inter alia*, the firm's successful litigation of declined *qui tam* cases).

[12] *See* Notices of Appearance by attorneys Steve W. Berman and Shayne C. Stevenson on behalf of Plaintiff TJ Gallo, filed August 18, 2017. Dkt. 22 and 23. Plaintiff intends to soon file papers seeking to allow the withdrawal of his original counsel and law firm, Foster Pepper PLLC, and the substitution of nationally recognized *qui tam* law firm Wilbanks & Gouinlock, LLP, who, together with Hagens Berman, will represent plaintiff in the prosecution of this now-declined *qui tam* action.

RESPONSE TO ORDER TO SHOW CAUSE - 3
Case No. 2:14-cv-01109-TSZ

006235-11  979569 V1


1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101

under the soon-to-be-superseded extant complaint only to have it set aside upon filing of an amended complaint, plaintiff asks the court for sixty (60) days to draft and serve the defendant with an amended complaint.

It is also in the public's interest that this litigation be permitted to proceed. Plaintiff alleges that RPM Mortgage, one of the largest loan originators in the United States by volume, has violated the federal False Claims Act by falsely and fraudulently obtaining Federal Housing Administration insurance through its Department of Housing and Urban Development, resulting in the payment of millions of taxpayer dollars to the defendant on defaulted home loans that were not qualified for such government backing in the first place.[13]

Because good cause exists to permit plaintiff to continue litigation of this action, plaintiff respectfully requests that the Court provide sixty days to draft and serve an amended complaint.

DATED this 22nd day of August, 2017.

 /s/ Steve W. Berman
Steve W. Berman, WSBA# 12536
Shayne C. Stevenson, WSBA# 30843
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
shaynes@hbsslaw.com

*Attorneys for Plaintiff-Relator Gallo*

---

[13] *See* Complaint, Dkt. 1, *passim* (noting, at 2, ¶ 3, that in "2013, RPM was reported to be the fifth leading mortgage company in the United States."). It is worth noting that on June 9, 2015, the defendant entered into a stipulated final judgment and order with the Consumer Fraud Protection Bureau, wherein the defendant agreed to pay nearly $20,000,000 to resolve allegations by the CFPB that it had violated the "compensation rule" through its use of a point-banking scheme. *See* Stipulated Final Judgment & Order, *Consumer Fraud Protection Bureau v. RPM Mortgage, Inc. & Edwin Robert Hirt*, No. 15-cv-2475 (N.D. Cal. June 9, 2015), Dkt. 6. Plaintiff's complaint similarly challenges this exact conduct—that "RPM's certifications of compliance were also false because RPM maintained a 'point bank' that is expressly prohibited by HUD regulations." Complaint, Dkt. 1, at 4, ¶ 11.



# **CERTIFICATE OF SERVICE**

On August 22, 2017, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| Kayla Stahman | kayla.stahman@usdoj.gov |
| John L. Bley | bleyj@foster.com |
| Robert S Mahler | mahler@foster.com |
| Tim J Filer | FileT@Foster.com |

*/s/ Steve W. Berman*
STEVE W. BERMAN

RESPONSE TO ORDER TO SHOW CAUSE - 5
Case No. 2:14-cv-01109-TSZ

006235-11  979569 V1

